BOUND *v.* SOUTH CAROLINA RY. Co. *et al.*, (MAYFIELD, Intervenor.)

(*Circuit Court, D. South Carolina.* May 20, 1891.)

1. RAILROAD MORTGAGE—FORECLOSURE—PRIVATE SALE OF PROPERTY.
   In proceedings to foreclose the liens of the state on railway property as the guarantor of the railroad's bonds, and also the mortgages thereon, the court will refuse to authorize the sale of land, free from such liens, at private sale, unless fully informed as to its selling value. The opinion of one person not shown to be an expert, and who must derive his knowledge from the opinion of others, is not sufficient.

2. SAME—POWER OF SALE—CONSENT.
   On foreclosure proceedings, where a receiver has been appointed, but the relative rights of the various parties have not been estab ished, the fact that the mortgages authorize the sale of lands not needed for corporate purposes, and the application of the proceeds by the trustees to the extinguishment of the oldest liens, will not justify such sale by the court, in the absence of consent by all the parties, and the mere absence of counsel from the hearing of a motion for that purpose will not amount to consent.

In Equity.
*Samuel Lord,* for Mayfield.
*Mitchell & Smith,* for Bound.

SIMONTON, J. This is an application for leave to purchase a tract of land in Barnwell county, the property of the South Carolina Railway Company. The land is not necessary for any of the corporate purposes of the company. Mr. De Caradeuc, who has for many years been at the head of the civil engineer department of the railway and its land agent, has testified that, in his opinion, the price offered for the land is fair and reasonable. The petition was filed in this cause, and was referred to the special masters heretofore appointed, who have reported the facts connected with it. Notices of the motion to grant the prayer of the

petition have been served on the counsel who represent the several parties. Only the attorneys for the plaintiff appear. They resist the motion. This land is covered by the liens created by statute in favor of the state of South Carolina, guarantor of bonds of the old Louisville, Cincinnati & Charleston Railroad Company and of the South Carolina Railroad Company, its successor. It is also covered by the first mortgage executed by the South Carolina Railroad Company and by mortgages of the South Carolina Railway Company. All these interests are represented in this case. It would not be expedient to sell the land at private sale at a valuation fixed by the opinion of a single witness. When the court departs from the general rule of selling property at public auction, it should be fully informed as to its probable value. This can scarcely be derived from the opinion of one person, who, by the way, as in this case, is not an expert in the selling of land, and who derives his own opinion from the statements of others. Apart from this, however, there is another controlling consideration. This is a bill for foreclosure of the liens on the entire railroad property, brought by the holder of second mortgage bonds. A receiver has been placed in charge of the property. But not a single right has been established by decree. I can find no authority for selling, by piecemeal, *pendente lite*, parcels of the property covered by liens, except by the consent of all persons interested, expressed either in open court or in writing. See, in this connection, *Kneeland* v. *Trust Co.*, 136 U. S. 89, 10 Sup. Ct. Rep. 950. It is said that each of the mortgages permits the trustees to exchange or sell any lands which prove to be of no use for the corporate purposes of the company, and in such case they free the parcel exchanged or sold from the liens, and that, in case of a sale, the proceeds are to be applied to the extinguishment of the oldest liens. For the present, no opinion is expressed whether the court can execute this power in the trustees by its own order, or by directing the trustees to do so. At this stage of the case, it has no judicial information as to the sufficiency of the mortgaged premises to pay off the first mortgage and the older liens. It is impossible to ascertain now what charges, if any, may be imposed on the holders of these liens for their share of the burdens of this case. So, if the receiver be directed to sell property in parcels, and with the proceeds take up any bond covered by such liens for the purpose of canceling it, the holder may, by this act, get an undue preference of his claim. This should not be done without the consent of all the lienholders. In this connection, and as a matter of practice, the mere absence of counsel at the hearing of a motion, for a purpose like this, will not be accepted as equivalent to consent thereto.